**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01215-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Jermain Puga - 001<br>Daniel Puga-Hernandez - 002, | |
| Defendants. | |

Pending before the Court are Defendant Jermain Puga's Motion for Reconsideration of Order Denying Release Conditions (Doc. 34), Defendant Daniel Puga-Hernandez's Amended Motion to Reconsider Order Denying Conditions of Release (Doc. 57), Defendant Puga-Hernandez's Motion for Status Conference (Doc. 60), and Defendant Puga-Hernandez's Motion to Modify Conditions of Release (Doc. 61). For the reasons explained below, the Court will deny each motion.

Defendants are charged by Criminal Complaint with conspiracy to possess with the intent to distribute 3.58 kilograms of cocaine in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(ii)(II), 14.26 kilograms of heroin in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A)(i), and 39.08 kilograms of methamphetamine in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(A)(viii). (Doc. 1.) The Complaint alleges the following: agents of the Drug Enforcement Agency found the drugs during a vehicle search at the Interstate 19 immigration checkpoint near Amado, Arizona. (*Id.*) Agents removed the drugs, replaced them with sham drugs, and placed an electronic monitoring device on the vehicle. (*Id.*)

Agents then tracked the vehicle to Peoria, Arizona, where it was left in a restaurant parking lot and picked up by Defendants. (*Id.*) Defendant Puga-Hernandez drove the vehicle to an apartment complex with detached garages while Defendant Puga followed in a separate vehicle. (*Id.*) The apartment and garage were in Defendant Puga's name, and he consented to a search. (*Id.*) Agents found Defendant Hernandez inside the garage along with the sham drugs. (*Id.*) Defendant Puga-Hernandez allegedly admitted to transporting the narcotics and having done so on previous occasions. (*Id.*) Defendant Puga allegedly admitted that "all he does is drive and his brother pays him $500 to do so" and that he "knew that he would not be paid that kind of money for something legitimate." (*Id.*)

Defendants were arrested on April 8, 2019, and had Initial Appearances on April 9, 2019. (Docs. 4, 5.) On April 11, 2019, Magistrate Judge Leslie Bowman held Detention Hearings. (Docs. 9, 10.) Judge Bowman ordered that Defendants be released on their own recognizance, but she stayed that Order so that the Government would have an opportunity to file an appeal. (Doc. 10.) The Government filed its Appeal from Judge Bowman's Release Order on April 12, 2019. (Doc. 11.) A hearing on the Government's Appeal (Doc. 11) was held on April 25, 2019, and the Court overruled Judge Bowman's order of release and ordered Defendants remanded to custody pending trial. (Doc. 26.) On May 16, 2019, Defendant Puga filed his Motion for Reconsideration of Order Denying Release Conditions. (Doc. 34.) The Court ordered the Government to file a Response (Doc. 40), which the Government did on June 06, 2019 (Doc. 47). Defendant Puga-Hernandez filed his Amended Motion to Reconsider Order Denying Conditions of Release on July 1, 2019. (Doc. 57.)

A rebuttable presumption arises under the Bail Reform Act that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the Court finds probable cause to believe that a Defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). The heroin and methamphetamine charges against Defendants trigger this presumption because

each charge would call for a sentence of not less than 10 years upon conviction. 21 U.S.C. § (b)(1)(A)(viii).

In determining whether there are conditions of release that will reasonably protect public safety and eliminate the risk of flight, the Bail Reform Act directs courts to consider the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the defendant, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether the defendant is on probation, parole, or on other release pending trial. 18 U.S.C. § 1342(g)(1)-(3).

Here, the quantity of drugs seized and the significant potential prison sentences faced by Defendants raise the presumption of detention. 18 U.S.C. § 3142(e)(3)(A). The alleged post-*Miranda* confessions constitute strong evidence against Defendants. The other factors do not rebut the presumption of detention.

Defendant Puga indicates that his supervisor has stated that he is welcome to return to work if he is released. (Doc. 34.) Although the Court accepts Defendant's representation that he would be able to return to work should he be released, the Court also notes that Defendant had worked for his current employer for only seven months before his arrest. (Doc. 24.) Defendant Puga asserts that his mother and fiancée both live in Phoenix, and that he has never worked in Mexico. (Doc. 34.) The Court finds that while Defendant Puga's Mexican heritage and Spanish fluency do not weigh in favor of a conclusion that no combination of conditions could prevent his flight, Defendant Puga not only grew up in Mexico but regularly returns and has apparently maintained strong ties within Mexico. (Doc. 34.)

Defendant Puga-Hernandez, in turn, asserts that he has "a well documented history of employment, complete with tax compliance as evidenced by his tax return history." (Doc. 57.) In support of this assertion, Defendant Puga-Hernandez provides tax exemption

certificates for Red Diamond Auto Glass (Doc. 57-1), invoices for Red Diamond Auto Glass's purchase of materials (Doc. 57-2), customer receipts for window repairs and replacements (Doc. 57-3), pay stubs from Erickson Framing AZ LLC for 2016 and 2017 (Doc. 57-4), and tax returns and W-2 slips (Doc. 57-7). Defendant Puga-Hernandez also provides news reports documenting violence in the drug trade in Mexico. (Doc. 57-6.) Although the proffered evidence tends to show that Defendant Puga-Hernandez has some legitimate employment history, the Court notes that his business entity Red Diamond Auto Glass was not formed until 2019, and that Defendant Puga-Hernandez's prior employment and business activities appear to be intermittent. Moreover, besides his intermittent economic activity, Defendant Puga-Hernandez has not provided information suggesting that he has significant community ties in Arizona that would deter his potential flight. He also does not address his 2016 felony conviction for driving under the influence, and the Court notes that he poses a risk of nonappearances based on his self-reported substance use. (Doc. 14.) In sum, Defendant Puga-Hernadez has also failed to rebut the presumption of detention, and his Amended Motion to Reconsider Order Denying Conditions of Release (Doc. 57) and Motion to Modify Conditions of Release (Doc. 61) will be denied.

Finally, Defendant Puga-Hernandez's Motion for Status Conference (Doc. 60), in which he requests a hearing to review the status of his Motion to Reconsider Order Denying Conditions of Release (Doc. 57), will be denied as moot. This Order resolves Defendant Puga-Hernandez's Motion (Doc. 57) and so a hearing to review its status is unnecessary.

Accordingly,

**IT IS ORDERED** that Defendant Puga's Motion for Reconsideration of Order Denying Release Conditions (Doc. 34) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Puga-Hernandez's Amended Motion to Reconsider Order Denying Conditions of Release (Doc. 57) and Motion to Modify Conditions of Release (Doc. 61) are **denied**.

. . . .

. . . .

**IT IS FURTHER ORDERED** that Defendant Puga-Hernandez's Motion for Status Conference (Doc. 60) is **denied**.

Dated this 31st day of July, 2019.

_____
Honorable Rosemary Márquez
United States District Judge